FILED IN OPEN COURT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

9. 12. 08

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 3:08-cr-307-J-16MCR

DWAYNE P. BRUNS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E.

O'Neill, United States Attorney for the Middle District of Florida, and the defendant,

DWAYNE P. BRUNS, and the attorney for the defendant, Dave Raben, mutually agree

as follows:

### A.   **Particularized Terms**

#### 1.   Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Information.

Count One charges the defendant with conversion of public property, in violation of 18

U.S.C. §641.

Defendant's Initials ⟨initials⟩

AF Approval ⟨initials⟩

2.    Maximum Penalties

The maximum penalties for Count One are a term of imprisonment of up to 10 years, a fine of up to $250,000, or both, a term of supervised release of up to 3 years, and a special assessment of $100, said special assessments to be due on the date of sentencing..

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:    That the money or property described in the Information belonged to the United States;

Second:    That the Defendant converted such money or property to his own use or the use of another;

Third:    That the Defendant did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money or property so taken;

Fourth:    That the money or property had a value in excess of $1,000.

4.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the

Defendant's Initials _____    2

applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

**B.** **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

Defendant's Initials _____     3

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges

Defendant's Initials ⟋⟋⟋⟋    4

that, although the parties are permitted to make recommendations and present

arguments to the Court, the sentence will be determined solely by the Court, with the

assistance of the United States Probation Office.  Defendant further understands and

acknowledges that any discussions between defendant or defendant's attorney and the

attorney or other agents for the government regarding any recommendations by the

government are not binding on the Court and that, should any recommendations be

rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this

plea agreement.  The government expressly reserves the right to support and defend

any decision that the Court may make with regard to the defendant's sentence, whether

or not such decision is consistent with the government's recommendations contained

herein.

     5.     Defendant's Waiver of Right to Appeal and
              Right to Collaterally Challenge the Sentence

        The defendant agrees that this Court has jurisdiction and authority to

impose any sentence up to the statutory maximum and expressly waives the right to

appeal defendant's sentence or to challenge it collaterally on any ground, including the

ground that the Court erred in determining the applicable guidelines range pursuant to

the United States Sentencing Guidelines, except (a) the ground that the sentence

exceeds the defendant's applicable guidelines range as determined by the Court

pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence

exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the

Eighth Amendment to the Constitution; provided, however, that if the government

exercises its right to appeal the sentence imposed, as authorized by Title 18, United

Defendant's Initials ⟨initials⟩         5

States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to

Defendant's Initials ⟨initials⟩                6

be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.     Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference. are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __12__ day of __September__, 2008.

ROBERT E. O'NEILL
United States Attorney

By: _____

DWAYNE P. BRUNS
Defendant

RONALD D. DESANTIS
Special Assistant United States Attorney

DAVE RABEN, ESQUIRE
Attorney for Defendant

FRANK M. TALBOT
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _____                 8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA            :
                                    :
            v.                      :   CASE NO. 3:08-cr-307-J-16MCR
                                    :
DWAYNE P. BRUNS                     :

_____

## PERSONALIZATION OF ELEMENTS

1.     Do you admit that the property described in the Information, namely, salvaged non-precious metals, belonged to the Department of the Navy, a department of the United States?

2.     Do you admit that you converted such metals to your own use or the use of another?

3.     Do you admit that you converted the property described in the Information knowingly and willfully with intent to deprive the Department of the Navy of the use or benefit of such property?

4.     Do you admit that the property described in the Information had a value in excess of $1,000?

Defendant's Initials                     9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA            :
                                    :
         v.                         :   CASE NO. 3:08-cr-307-J-16MCR
                                    :
DWAYNE P. BRUNS

---

## FACTUAL BASIS

While serving as the project manager for Delphinus Engineering onboard Naval Station Mayport, in the Middle District of Florida, the defendant DWAYNE P. BRUNS oversaw thousands of pounds of salvaged, non-precious metals being stored at the Delphinus office located at 2057 Mayport Road in Atlantic Beach, FL.  The source of the metal was the U.S.S. Halyburton (FFG-40); such metal belonged to the Department of the Navy and is typically turned into recycling dumpsters within the naval station.

On March 3, 2008, BRUNS directed the transport of roughly 3,000 lbs of salvaged metal to Beaches Recycling Center ("Beaches") in Atlantic Beach, FL, and received a check for $4070.85 from Beaches in exchange for the metal.  The check from Beaches was made out to BRUNS, and Beaches kept a photocopy of BRUNS' driver's license in the store's files, which also included the transaction receipt and a copy of the check.  Following the transaction, a representative from Beaches contacted the Naval Criminal Investigative Service ("N.C.I.S.") to report a suspicious transaction; meanwhile, BRUNS proceeded to deposit the check into his personal bank account.

Defendant's Initials DPB

Defendant BRUNS admits that this was an unlawful conversion and that he knowingly and willfully deprived the Department of the Navy of the benefit of the salvaged metal.

On March 13, 2008, a special agent with N.C.I.S. contacted a Delphinus employee about the unlawful conversion of the salvaged metal by BRUNS; the employee immediately informed BRUNS of the investigation.  BRUNS then called the N.C.I.S. agent and acknowledged converting the metal at Beaches, and acknowledged depositing the funds into his personal account.  Once he knew that he was the target of the investigation, BRUNS made restitution in the amount of $4070.85 to the United States Navy through his employer, Delphinus Engineering.  Therefore, the parties agree that the defendant BRUNS has satisfied his obligation to provide restitution for his offense of unlawfully converting U.S. Navy property.

Defendant's Initials _DVB_                    2